Howry, J.,
delivered the opinion of the court:
This is a motion by the defendants to dismiss for want of jurisdiction.
The cause comes to the court by resolution of the Senate, reciting transmission under the act of March 3, 1887, 24 Stat., 505; but an examination of the bill transmitted discloses that it is not one providing for the payment of a claim, or for the payment of anything by way of grant, gift, or bounty. The resolution only directs the court to make a finding of the facts “ according to law and equity as if the claim was not barred by the statute of limitations.”
Section 14 of the act provides only for the reference of a bill proposing an appropriation for the payment either of a *259 claim against the United States, legal or equitable, or for a grant, gift, or bounty to some person. Such bill must be “ pending ” before Congress before the court can investigate on any resolution transmitting a bill.
In Bellah's case, 39 C. Cls. R., 396, jurisdiction was denied because no beneficiary was named. That omission was probably an unintentional mistake but a vital oversight.
In Leahy's case, 41 ib., 265, the bill provided that the claim “ be referred to the Court of Claims for adjudication under the provisions of section 14 of the Tucker Act.” The court took jurisdiction, although the bill did not in express terms provide for the payment of the claim, this writer dissenting.
In Gahalan's case, 42 ib., 280, the court refused to take jurisdiction on the ground that the bill transmitting the claim was not for the payment of a claim or for a grant, gift, or bounty. The rule established by that decision was that the court could not be called upon to discharge the judicial function of hearing evidence and making findings unless there was a bill pending in Congress providing for the appropriation of money. That is this case. There is no bill transmitted here appropriating money, or one which can be held to include such a purpose. The bill transmitted is for an accounting only.
In the case of the State of Missouri v. United States, 43 ib., 327, the court refused to investigate, with the statement that the question of jurisdiction in cases under, the section mentioned had been repeatedly brought before the court and that it must now be considered as settled that when a bill is so referred “ it must be expressly and explicitly for a grant, gift, or bounty, or for the payment of a claim, and nothing else, which claim must be legal or equitable.” This case overrules Leahy’s case, supra.
The question here is the same as that presented in the case of the State of Missouri. By the bill before us we are directed “ to render findings.” This is the equivalent of saying that the evidence shall be heard as to the state of the account existing between one .John Barry, under whom petitioner claims, and the United States, growing out of the matters *260 alleged, without reference to the lapse of time. The ultimate thing to be done by the court, according to the terms of the bill, is to arrive at certain facts resulting in the finding of an amount due Barry at a certain time.
The court does not desire to be technical; but inasmuch as there was not pending befoi’e either of the legislative bodies anything- involving payment, we can not be expected to supply a vital omission regardless of the statute. Doubtless the purpose existed to have the claim investigated with a view of obtaining an appropriation; but if the court should read into the bill language so essentially necessary to be there, the legislative body could not appropriate on findings which the court has power lawfully to make as in other cases.
Inasmuch as the parties have taken proof, a special jurisdictional act might well be procured authorizing the court to investigate and report to Congress after findings shall have been made on the proofs already taken or to be made by way of addition. Doubtless another reference may be had under the Tucker Act if the statute be followed, but in such case the court doubts its power to make use of the testimony now on file without the special authority of Congress.
Motion of defendants sustained.